Case No. 20-12970-GG
Case No. 20-13637-GG
CONSOLIDATED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

STATE FARM FLORIDA INSURANCE COMPANY,

*Appellant/Cross-Appellee,*

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

*Appellee/Cross-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
15-CV-20941-JAL

**REPLY BRIEF ON CROSS-APPEAL OF APPELLEE/CROSS-APPELLANT LIBERTY MUTUAL FIRE INSURANCE COMPANY**

Jonathan R. Rosenn, Esq.
Jeffrey S. Lapin, Esq.
Lapin & Leichtling, LLP
255 Alhambra Circle, Suite 600
Coral Gables, FL 33134
Telephone No.: (305) 569-4100
Facsimile No.: (305) 569-0000

Case Nos: 20-12970-GG & 20-13637-GG

# **CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Appellant Liberty Mutual Fire Insurance Company ("Liberty"), pursuant to Fed. R. App. P. 26.1 and Eleventh Circuit Rule 26, certifies that the Certificate of Interested Persons and Corporate Disclosure Statement contained in its December 16, 2020 Answer Brief and Initial Brief On Cross-Appeal remains correct.

i

Case Nos: 20-12970-GG & 20-13637-GG

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS and CORPORATE DISCLOSURE STATEMENT .................................................................................................. i

TABLE OF CONTENTS .................................................................................. ii

TABLE OF AUTHORITIES ............................................................................ iii

ARGUMENT ....................................................................................................1

    I.    THE DISTRICT COURT ERRED BY FINDING THAT COVERAGE FOR LIBERTY UNDER THE STATE FARM UMBRELLA POLICY WAS LIMITED TO LIBERTY'S VICARIOUS LIABILITY FOR THE ACTS OF THE NAMED INSURED ........................................................................................1

        A.    The Additional Insured Endorsements in *Container Corp.* and *Florida Power & Light* Do Not Contain "Arising Out Of" Language, and, Therefore, State Farm Cannot Legitimately Distinguish These Cases On This Basis. ......................................1

        B.    *Garcia* Does Not Apply Because "With Respect to Operations You Perform" is Plainly Not the Equivalent of "With Respect to Liability Because of Acts or Omissions of the Named Insured." ..............................................................................4

        C.    State Farm Tacitly Concedes that *Capeletti*, the Sole Case Relied Upon by the District Court to Hold that Coverage is Limited to Vicarious Liability Claims, is Inapposite..................6

    II.    CONCLUSION ........................................................................7

CERTIFICATE OF COMPLIANCE ..................................................................7

CERTIFICATE OF SERVICE ...........................................................................8

# **TABLE OF AUTHORITIES**

## **Cases**

*Agee v. Brown*, 73 So. 3d 882 (Fla. Dist. Ct. App. 2011)............................................6

*Container Corp. of Am. v. Maryland Cas. Co.*, 707 So. 2d 733 (Fla. 1998).........1, 4

*Fla. Power & Light Co. v. Penn Am. Ins. Co.*, 654 So. 2d 276
  (Fla. Dist. Ct. App. 1995).................................................................................2, 4

*Garcia v. Fed. Ins. Co.*, 969 So. 2d 288 (Fla. 2007) ...............................................4, 5

*La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 847 (11th Cir. 2004)..................6

*Liberty Mut. Ins. Co. v. Capeletti Bros. Inc.*, 699 So. 2d 736
  (Fla. Dist. Ct. App. 1997)....................................................................................6

## **Statutes**

Fed. R. App. P. 28.1....................................................................................................7

Fed. R. App. P. 32(a)(5).............................................................................................7

Fed. R. App. P. 32(a)(6).............................................................................................7

LAPIN & LEICHTLING, LLP, 255 ALHAMBRA CIRCLE, SUITE 600, CORAL GABLES, FLORIDA 33134 (305) 569-4100

Case Nos: 20-12970-GG & 20-13637-GG

# ARGUMENT

I. **THE DISTRICT COURT ERRED BY FINDING THAT COVERAGE FOR LIBERTY UNDER THE STATE FARM UMBRELLA POLICY WAS LIMITED TO LIBERTY'S VICARIOUS LIABILITY FOR THE ACTS OF THE NAMED INSURED**

   A. **The Additional Insured Endorsements in *Container Corp.* and *Florida Power*Error! Bookmark not defined. *& Light* Do Not Contain "Arising Out Of" Language, and, Therefore, State Farm Cannot Legitimately Distinguish These Cases On This Basis.**

The additional insured endorsement in the Umbrella Policy issued by State Farm in this case—in contrast to *Container Corp. of America v. Maryland Casualty Co.*, 707 So. 2d 733 (Fla. 1998), and a substantial line of Florida cases cited by Liberty in its Initial Brief—does not contain the specific, unambiguous limiting language necessary to restrict coverage to vicarious liability for the acts of the named insured.

State Farm attempts to distinguish the Florida Supreme Court's opinion in *Container Corp.* by arguing it involved language in an additional insured endorsement for liability "*arising out of* the named insured's operations," while the language in the State Farm Umbrella Policy's endorsement states "*only with respect to* operations you perform." (State Farm Ans. Br. 22.) But the additional insured provision in *Container Corp.* does *not* contain the language "arising out of," *Container Corp.*, 707 So. 2d at 735, and, therefore, State Farm's misguided attempt

1

to distinguish this Florida Supreme Court case on this basis necessarily fails. The additional insured endorsement in *Container Corp.* provides:

> Interest for operations at operations site by Southern Contractors Inc.

*Container Corp.*, 707 So. 2d at 735 (emphasis supplied.)

Even more remarkably, the intermediate Florida appellate decision, approved by the Florida Supreme Court in *Container Corp.*, involved an additional insured endorsement that not only lacked the language, "arising out of," but it used, instead, the phrase, "*only with respect to*," the precise phrase found in the endorsement in the Umbrella Policy that State Farm issued in this case. *Container Corp.* approved the decision in *Florida Power & Light Co. v. Penn America Insurance Co.*, 654 So. 2d 276 (Fla. Dist. Ct. App. 1995), which held the additional insured endorsement in that case lacked the necessary language to limit coverage to the vicarious liability of the named insured. *Fla. Power & Light*, 654 So. 2d at 279.

Specifically, the additional insured endorsement in *Florida Power & Light* provides:

> (2) Each of the following is an insured under this policy to the extent set forth below:
>
> (a) any person, organization…to which the named insured is obligated by virtue of a written contract or permit to provide insurance such as is afforded by the terms of this policy, *but only with respect to operations by or on behalf of the Named Insured or to facilities used by the Named Insured*….

654 So. 2d at 278 (emphasis supplied.)

The additional insured endorsement in the Umbrella Policy that State Farm issued in this case provides:

> 2. Each of the following is also an insured:
>
> > d. any person or organization for whom you have agreed to provide insurance such as is afforded by this policy. Such agreement must be in the form of a written contract. This applies *only with respect to:*
> >
> > > (1) *operations you perform*; ….

(Liberty Supp. App. 36-37 of 59.) (emphasis supplied.)

The operative language in the additional insured endorsements in *Florida Power & Light*, and in this case in the Umbrella Policy that State Farm issued—i.e. "*Only with respect to operations by or on behalf of the Named Insured*" and "*only with respect to operations [the Named Insured] perform[s]*"—are materially indistinguishable.

State Farm attempts to distinguish *Florida Power & Light* on the basis that the phrase "on behalf of" creates an ambiguity that is absent from the endorsement at issue in this case. (State Farm Ans. Br. 26). But nowhere does the opinion in *Florida Power & Light* suggest that "on behalf of" is ambiguous or the reason why coverage for the additional insured extends beyond vicarious liability. Instead, the *Florida Power & Light* court held "but only with respect to operations by or on behalf of the Named Insured" was "ambiguous at best," because "no language in the provision requires fault on behalf of [the named insured] before [the additional

insured] can be considered an additional insured." 654 So. 2d at 279. State Farm cannot reasonably contend that "only with respect to operations you perform" unambiguously requires fault by the named insured to trigger coverage. A claim need not involve the fault of the named insured to involve its operations. And a claim can involve negligence by an additional insured and also involve the named insured's operations.

Further, the word "perform" does not narrow coverage. The Florida Supreme Court in *Container Corp.* specifically noted that "operation" is defined as "a doing or performing especially of action," construing "operation" to mean "work done in the performance of [the named insured's] contract with [the additional insured]. *Container Corp.*, 707 So. 2d at 736-37. Because "operation," by definition, necessarily involves the performance of an action, "perform" cannot reasonably be construed to modify "operations," so as to unambiguously restrict coverage to claims involving only vicarious liability for the named insured's acts or omissions.

    **B.**    ***Garcia* Does Not Apply Because "With Respect to Operations You Perform" is Plainly Not the Equivalent of "With Respect to Liability Because of Acts or Omissions of the Named Insured."**

State Farm further contends that under *Garcia v. Federal Insurance Co.*, 969 So. 2d 288 (Fla. 2007), the additional insured endorsement language at issue in this case—"with respect to operations you perform"—unambiguously limits coverage to vicarious liability for acts of the named insured. (State Farm Ans. Br.

26-27). But the additional insured endorsement in *Garcia* that was held to limit coverage to the vicarious liability of the named insured, does not remotely resemble the endorsement in the Umbrella Policy that State Farm issued here. The additional insured endorsement at issue in *Garcia* provides:

> A covered person means:
>
> (2) any other person or organization with respect to *liability because of acts or omissions of you or a family member*.

969 So. 2d at 290 (emphasis supplied.)

Under the reasoning of *Garcia***Error! Bookmark not defined.**, the phrase "because of" is critical, because it limits coverage to claims where *liability was caused by the acts or omissions of the named insured. Garcia*, 969 So. 2d at 291-92. The language "liability because of acts or omissions of [the named insured]" is glaringly absent from the endorsement at issue in this case. In addition, the language "acts or omissions of the named insured," unlike "operations," unmistakably describes the named insured's own conduct. Even if the phrase, "operations you perform," could be construed as State Farm contends, which Liberty denies, it would give rise to an ambiguity, and, therefore, must be construed against the insurer, State Farm. *Id.* at 291. Unlike *Garcia*, however, the plain language of the additional insured endorsement in this case does not limit coverage to claims where liability is caused by the named insured's conduct. The plain language of the endorsement at issue in *Garcia* belies any contention that it has any application to this case.

### C. State Farm Tacitly Concedes that *Capeletti*, the Sole Case Relied Upon by the District Court to Hold that Coverage is Limited to Vicarious Liability Claims, is Inapposite.

Nowhere in its Answer Brief does State Farm address *Liberty Mutual Insurance Co. v. Capeletti Brothers Inc.*, 699 So. 2d 736 (Fla. Dist. Ct. App. 1997), the sole case relied upon by the district court below to hold the additional insured endorsement at issue here only provides coverage for vicarious liability claims. As Liberty argued in its initial brief in this cross-appeal, *Capeletti* clearly has no application here, because it hinges upon the construction of an unambiguous exclusion for the additional insured's own acts or omissions. Neither the language of the exclusion at issue in *Capeletti,* nor any remotely similar language, can be found anywhere in the Umbrella Policy that State Farm issued in this case. State Farm, by not addressing this issue, concedes this point. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 847 n.4 (11th Cir. 2004) (party waived argument by failing to discuss it in answer brief); *Agee v. Brown*, 73 So. 3d 882, 886 (Fla. Dist. Ct. App. 2011) (failure to address issue in answer brief concedes the issue). State Farm's omission appears intentional, because its Answer Brief argues: "The district court's ruling should thus be affirmed, regardless of the reasons for the ruling with which Liberty has taken issue." (State Farm Ans. Br. 27.)

## II. <u>CONCLUSION</u>

According to Florida case law that State Farm cannot meaningfully distinguish, the additional insured endorsement in the Umbrella Policy that State Farm issued lacks the necessary unambiguous limiting language that would restrict the coverage provided for Liberty to only claims for Liberty's vicarious liability. In the event this Court reverses the final judgment in favor of Liberty under the Contractors Policy, which it should not, this Court should then reverse and remand this case to the district court for entry of final judgment in Liberty's favor under the Umbrella Policy for Liberty's defense fees and costs incurred in the Underlying Lawsuit from June 28, 2011, and the amounts it paid to settle the Underlying Lawsuit.

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify this brief complies with Fed. R. App. P. 28.1 because this document contains <u>1535</u> words and this document complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and type-style requirements of Fed. R. App. P. 32(a)(6).

Case Nos:   20-12970-GG & 20-13637-GG

# CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing brief has been sent by the Court's electronic filing system to all counsel on the service list below on February 23, 2021.

    Respectfully submitted,

    LAPIN & LEICHTLING, LLP
    *Attorneys for Appellee/Cross-Appellant Liberty Mutual Fire Insurance Company*
    255 Alhambra Circle, Suite 600
    Coral Gables, Florida 33134
    Telephone No.: (305) 569-4100
    Facsimile No.:  (305) 569-0000

By:   s/ Jonathan R. Rosenn
    JONATHAN R. ROSENN
    jrosenn@LL-lawfirm.com
    eservice@LL-lawfirm.com
    Florida Bar No. 0101346
    JEFFREY S. LAPIN
    jlapin@LL-lawfirm.com
    eservice@LL-lawfirm.com
    Florida Bar No. 993298

# SERVICE LIST

| | |
|---|---|
| Elizabeth K. Russo, Esq.<br>ekr@russoappeals.com<br>e-service@russoappeals.com<br>Russo Appellate Firm, P.A.<br>7300 North Kendall Dr. Suite 600<br>Miami, FL 33156<br>Telephone No.: (305) 666-4660<br>Facsimile No.:  (305) 666-4470<br>*Attorneys for Appellee* | Jay B. Green, Esq.<br>Laurea A. Faller, Esq.<br>jgreen@gaflaw.com<br>lfaller@gaflaw.com<br>Green & Ackerman, P.A.<br>1200 North Federal Highway, Suite 301<br>Boca Raton, FL 33432<br>Telephone No.: (561)347-2400<br>Facsimile No.:  (561) 955-9555<br>*Attorneys for Appellee* |